A89A0657. CANADIAN INDEMNITY COMPANY
v. PEACHTREE DOORS, INC. et al.
(385 SE2d 92)

BENHAM, Judge.

Randall Hickman was rendered a quadriplegic as the result of an incident that occurred in 1983 while he was helping an employee of appellee Peachtree Doors unload a truckload of doors. The trailer portion of the truck was owned by Peachtree Doors, while the tractor part of the rig was leased to Peachtree Doors by Rollins Leasing Corporation. Hickman settled his personal injury claim in 1985 for $2,079,203. The present appeal is from the declaratory judgment action involving Peachtree Doors and its three relevant insurers.

Appellee Travelers Indemnity Company (Travelers) issued a business automobile policy providing appellee Indal Limited and its

wholly-owned subsidiary, Peachtree Doors, with $1,000,000 coverage for bodily injury liability arising out of the ownership, maintenance, or use of a covered vehicle. Appellant The Canadian Indemnity Company (Canadian) issued a $2,000,000 comprehensive general liability policy with a non-owned automobile insurance attachment, and appellee Northumberland General Insurance Company (Northumberland) issued a commercial umbrella liability policy with a limit of $5,000,000 in excess of the amount recoverable under underlying insurance policies. Travelers contributed its policy limit of $1,000,000 to the Hickman settlement. Because Canadian and Northumberland disputed the applicability and priority of their respective coverages, Indal Limited/Peachtree Doors entered into an agreement with the two insurers, by which Canadian agreed to lend to Indal one-half of the outstanding settlement balance and Indal agreed to pay to Hickman the remaining portion of the outstanding balance. The parties agreed to seek judicial resolution of the coverage issue, and Canadian agreed to forgive Indal's debt and reimburse Indal for the money it paid to the Hickman settlement should the court find that Canadian's policy afforded coverage.

After reviewing the record and hearing the argument of counsel, the trial court found that Canadian's policy provided coverage under two provisions; that it was indebted to Indal; that Indal's debt to Canadian was erased; and that Northumberland's umbrella policy was in excess of Canadian's general comprehensive liability coverage. Canadian now appeals from the order granting appellees' motions for summary judgment, which order contained the trial court's conclusion that the Canadian policy was applicable and that it had priority over the Northumberland policy.

1. The Canadian policy provided coverage for "loss or damage arising from the use or operation of any automobile not owned in whole or in part by . . . [Indal/Peachtree Doors]," and it defined a motor vehicle with an attached trailer as an automobile. Relying on *Fitzgerald v. Aetna Ins. Co.*, 176 Mont. 186 (577 P2d 370, 372) (1978), the trial court found that the coverage clause was ambiguous and resolved that ambiguity in favor of coverage. We decline to find an ambiguity requiring judicial construction. In contrast with the trial court and the Supreme Court of Montana, we read the clause in the "Non-Owned Automobile Attachment" as affording coverage in instances where the insured has no ownership interest in the vehicle involved. Since the insured in the case at bar, Indal/Peachtree Doors, owned part of the "automobile" by owning the trailer, there was no coverage afforded the insured under the non-owned automobile attachment.

2. The trial court, however, found an alternative source of coverage for Hickman's injuries under the general provisions of Canadian's comprehensive general liability policy. Canadian agreed to pay on be-

half of Indal/Peachtree Doors "all sums which the Insured shall become obligated to pay by reason of the liability imposed by law upon the Insured or assumed by the Insured under contract . . . for damages because of bodily injury . . . sustained by any person. . . ." The policy excluded from its coverage "claims arising out of the ownership, maintenance, use or operation by or on behalf of the Insured if any type of trailer or semi-trailer which is insured under a motor vehicle policy . . . ," but excepted from the exclusion "the machinery or apparatus including its equipment mounted on or attached to a motor vehicle while such machinery or equipment is in use at the site of operations. . . ." The trial court based its finding of coverage on the uncontroverted facts that the sliding glass doors which Hickman was helping to unload at the time of his injury were loaded against steel tracks attached to the interior of the trailer and were secured by buckled polyester or nylon straps that were attached to the tracks. Hickman was injured when untethered doors fell upon him because a strap securing the doors had not been buckled. The trial court concluded that the "steel tracks, nylon straps, buckles and metal end clips . . . constitute[d] . . . 'apparatus mounted on or attached to a motor vehicle' . . ." and that "the Hickman claim . . . [was] a claim 'arising out of the ownership, maintenance, use or operation' " of the apparatus. In the absence of conflicting evidence, no genuine issue of material fact remained, and the trial court did not err in granting summary judgment in favor of appellees. See *Alghita v. Universal Investment &c. Co.*, 167 Ga. App. 562, 567 (307 SE2d 99) (1983).

3. The trial court found that the Northumberland policy also covered the Hickman claim and ruled that the Northumberland policy was excess to the Canadian policy. Appellant takes issue with the latter conclusion.

The Canadian policy acknowledged "the existence of any Policies arranged to apply in excess of the Insurance [Canadian] provided" and agreed that "the insurance provided by such excess policies shall be considered as excess and non-contributing insurance insofar as the insurance provided under this [Canadian] policy is concerned and shall be held to attach and cover after the insurance under the [Canadian] policy has been exhausted." The Northumberland commercial umbrella liability policy provided coverage in excess of the coverage of policies listed therein, which included Canadian's comprehensive general liability and non-owned automobile liability coverages. It was undisputed that Canadian was aware that Indal/Peachtree Doors was trying to arrange for umbrella coverage in excess of Canadian's coverage. According to the terms of both the Canadian and Northumberland policies, Northumberland's coverage was in excess of Canadian's. The trial court did not err in so ruling.

4. Having determined that Canadian's policy afforded coverage

the trial court then enforced the settlement agreement entered into by Canadian, Northumberland, and Indal, and awarded Indal $539,601.50 plus interest from Canadian. Appellant seeks reversal of this award, as well as the reversal of the denial of its motion for summary judgment, on the ground that its policy provided no coverage for the underlying claim. Inasmuch as that basic theory has been decided adversely to appellant (see Divisions 1-3 of this opinion), its final enumerations of error are without merit.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 29, 1989 —
REHEARINGS DENIED JULY 26, 1989 —

*Dennis & Corry, Robert E. Corry, Jr., Michael T. Thornton,* for appellant.

*Vincent, Chorey, Taylor & Feil, John L. Taylor, Jr., Lamar, Archer & Cofrin, Robert C. Lamar, Freeman & Hawkins, Warner S. Fox, Kilpatrick & Cody, Everette L. Doffermyre, Jr., Troutman, Sanders, Lockerman & Ashmore, Jeffrey R. Nickerson,* for appellees.